## FREESE *vs.* SWAYZE and others.

1. The general rule is, that a contemner who is in contempt, is never to be heard by motion or otherwise, until he has cleared his contempt, and paid the costs.

2. But, where the contempt was the non-performance of a final decree for the payment of money, and the contemner appeared before the court on an order to show cause why an attachment for contempt should not be issued against him, declaring his readiness to comply with the directions of the decree at once, and to answer for his contempt as the court should direct, he was heard on application to open the decree, and to be let in to answer on the ground of surprise.

3. An application to open final decree and to be heard upon the merits, refused : it not appearing that the enforcement of the decree would work injustice, and the defendant having willfully ignored the proceedings in the cause and the obligations resting upon him as a defendant therein.

On order to show cause why attachment for contempt should not be issued against the defendant, James K. Swayze, and counter motion on his behalf, to open decree on the ground of surprise.

*Mr. J. G. Shipman,* for complainant.

*Mr. J. M. Robeson,* for James K. Swayze.

THE CHANCELLOR.

The defendant, James K. Swayze, being before the court on an order to show cause why an attachment for contempt should not be issued against him for non-performance of the

final decree in this cause, declared his readiness to comply with the directions of the decree *instanter*, and to answer for his contempt as the court should direct, but prayed to be heard on an application to open the decree, and let him in to answer on the ground of surprise. It was objected, on the part of the complainant, that the defendant, being in contempt, could not be permitted to move the court in the cause as to any matter except the irregularity of the proceedings, until he should have cleared his contempt. The decree is for the payment of money to the complainant, who is not a resident of this state. The defendant is a man of large wealth, and abundantly able to comply with the decree at once. Although the general rule is that " a contemner who is in contempt, is never to be heard by motion or otherwise, until he has cleared his contempt and paid his costs," (*Gilb. For. Rom.* 101); yet, under such circumstances as are here presented, the court will hear the defendant, though in contempt, on such a motion as this, although it is addressed to the favor of the court; for he stands, as it were, *in vinculis.* The leave prayed for was accorded, and the motion to open the decree was argued upon affidavits as to merits and surprise. I am not satisfied that any injustice will be done to the defendant by the enforcement of the decree. Though he swears to a defence, and sets forth in his affidavit the facts on which it is based, his letters are not only not consistent with material statements of his affidavit, in regard to his defence, but are at variance with them. His conduct in reference to the suit, precludes him from the relief he seeks. It has been characterized by the most inexcusable negligence. His solicitor, whom he consulted soon after the service of the *subpœna ad respondendum* upon him, appears to have discharged his duty towards him with the utmost fidelity, while the defendant treated the proceedings with utter unconcern. The bill was filed on the 31st of January, 1874. The subpœna was returnable on the 18th of February following. About the time when the period limited by law for answering expired, the defendant's solicitor applied to the solicitor of the complainant for an extension of

the time, which was granted. The decree *pro confesso* was not entered until the 9th of September of that year, and the complainant's solicitor gave to the solicitor of the defendant full notice of his intention to enter that decree. So he did of the order for proofs, which was entered in November following. The proofs were taken in February, 1875, and the final decree on the 15th of July following. A copy of that decree was served on the defendant on the 4th of September. The order to show cause was taken on the 18th of that month. By it he was required to appear on the 4th of October. It was not until the last mentioned day that he appeared and asked to be permitted to defend the action. A disregard, apparently so thorough and absolute, of the obligations resting upon him as a defendant desiring to be heard on the merits of the controversy between him and the complainant, demands an explanation. He alleges, by way of apology, that his habits of life were irregular, and that he was afflicted with a catarrhal affection of the head, and so was prevented from giving the suit any attention, but it is in evidence that neither of these things prevented him from attending to his affairs. It appears that he attended to other suits. Besides, apart from the consideration that his alleged irregularities were the consequence of self-indulgence, for which he alone was responsible, it is proved that they ceased in November, 1874. In February, 1875, he was in the office of his solicitor, but made no reference to the suit. He admits that, in the winter of that year, his son spoke to him on the subject. He alleges that he assumed that the suit had been dropped, because he had heard nothing from it; but there appears to have been no ground whatever for the assumption. So complete was his neglect, that his solicitor concluded that he must have employed some other solicitor to take charge of his defence, which supposition was strengthened by the fact that other legal business of the defendant was being transacted for him by other lawyers. There is no ground of excuse in the alleged incapacity of the defendant. His neglect of his defence, if he intended to make any, is, therefore, wholly without excuse.

Justice to the complainant forbids that the decree be opened. The motion will be denied, with costs.

It appeared on the argument, that the decree was, by mistake, taken for $49 too much. Unless the defendant shall forthwith pay the amount due on the decree, less that sum, and the costs of the order to show cause, and the complainant's costs of the motion to open the decree, he will be committed for contempt.